NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MICHAEL PAUL MCDANIEL, | : | Civil No. 12-5966 (AET) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **MEMORANDUM OPINION** |
| v. | : | **AND ORDER** |
|  | : |  |
| NEW JERSEY STATE POLICE et al., | : |  |
|  | : |  |
| Defendants. | : |  |

This matter comes before this Court upon Plaintiff's filing of his Amended Complaint and his application for appointment of <u>pro bono</u> counsel.[1]  <u>See</u> Docket Entry No. 4.  For the reasons detailed below, the Amended Complaint will be dismissed without prejudice.  Plaintiff's application for appointment of <u>pro bono</u> counsel will be denied as premature at this juncture.

1.  Plaintiff is a litigant who instituted a multitude of actions in this District, attempted removal of state criminal prosecution to the District and had many of his state civil proceedings removed to this District.  <u>See</u>, <u>e.g.</u>, <u>McDaniel v. Devon Brown</u>, Civil Action No. 05-4817 (AET); <u>McDaniel v. New Jersey State Parole Board</u>, Civil Action No. 07-3205 (MLC); <u>McDaniel v. NJ DOC</u>, Civil Action No. 08-0239 (JAG); <u>McDaniel v. New Jersey State Parole Board</u>, Civil Action No. 08-0978 (JAP); <u>McDaniel v. Warden Power</u>, Civil Action No. 08-3221 (SDW); <u>McDaniel v. State of New Jersey</u>, Civil Action No. 08-

---

[1] The instant action was commenced by Plaintiff in a state forum and properly and timely removed by Defendants to this District.  <u>See</u> Docket Entry No. 1.  Shortly after this matter was removed, Plaintiff filed his application for appointment of <u>pro bono</u> counsel and his amended pleading.  <u>See</u> Docket Entries Nos. 4 and 5.

4371 (MLC); <u>McDaniel v. Hott</u>, Civil Action No. 09-2644 (DRD);  <u>McDaniel v. New Jersey State Parole Board</u>, Civil Action No. 10-2899 (MLC); <u>New Jersey v. McDaniel</u>, Civil Action No. 10-5372 (MLC); <u>McDaniel v. Attorney General of the State of New Jersey</u>, Civil Action No. 10-5443 (MLC); <u>McDaniel v. State of New Jersey</u>, Civil Action No. 11-0267 (MLC); <u>McDaniel v. Warren</u>, Civil Action No. 12-2102 (PGS); <u>McDaniel v. Lanigan</u>, Civil Action No. 12-3834 (AET).[2]  The instant matter ensued from Defendants' removal of Plaintiff's complaint to this District.

2.     Plaintiff's challenges, as stated in his Amended Complaint, are not clear.  <u>See</u> Docket Entry No. 5-2.  He asserts that, on a certain date, when he was criminally prosecuted in the state courts on the basis of certain charges filed by Plaintiff's now-former spouse, an out-of-state attorney who represented that former spouse for the purposes of or in connection with that prosecution, subpoenaed Plaintiff's criminal records from a certain New Jersey police department, and an officer of that police department complied with that subpoena.[3]  <u>See</u>, <u>generally</u>, <u>id.</u>

_____

[2]  The Court's list of Plaintiff's actions in this District is not exhaustive; it merely highlights Plaintiff's propensity for litigation.  A "recreational litigant" is the "one who engages in litigation as sport and files numerous [submissions] with little regard for substantive law or court rules."  <u>Jones v. Warden of the Stateville Correctional Ctr.</u>, 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing . . . without leave of court" and citing <u>In re Winslow</u>, 17 F.3d 314 (10th Cir. 1994); <u>In re Burnley</u>, 988 F.2d 1 (4th Cir. 1992); and <u>Mayfield v. Collins</u>, 918 F.2d 560 (5th Cir. 1990)).

[3]  Plaintiff also asserts that the attorney who represented Plaintiff's former spouse was an aunt of the former spouse, and – upon obtaining the subpoenaed records – she disclosed these records to her niece (<u>i.e.</u>, to the former spouse and, apparently, either the victim or a State witness in Plaintiff's prosecution).

3.    From these allegations, Plaintiff deduces that: (a) the officer violated his rights by complying with the subpoena without first consulting with the officer's supervisor or the police department's legal counsel; (b) the police department employing this officer violated Plaintiff's rights because it should have been aware of the subpoena being served and complied with; and (c) the attorney who represented the former spouse violated Plaintiff's rights by subpoenaing his criminal records.  See id. at 2.  Plaintiff alleges violations of his "constitutional rights" and "the Bill of Rights" and seeks "some[]kind of damages w[h]ether punitive, compensatory or nominal" and "[$]50,000 in compensatory damages [$]250,00 [sic] in punitive damages and [$]500 in nominal damages."  Id.; see also Docket Entry No. 7 (stating that this matter is a § 1983 action).

4.    Plaintiff's allegations against the police department are subject to dismissal as raised solely on the basis of the respondeat superior theory and because a police department is not a "person" subject to § 1983 suit.  See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993); see also Harper v. Franklin & Marshall College, 2011 U.S. Dist. LEXIS 34298, at *11-12 (E.D. Pa. Mar. 30, 2011); Jones v. Vineland Police Dep't, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).

5.    Plaintiff's allegations against the attorney who represented Plaintiff's former spouse are also subject to dismissal: for failure to meet the "color of law" requirement.  To recover against a defendant under 42 U.S.C. § 1983, a litigant must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the Constitution.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  It is well-settled

that neither a privately retained counsel nor a court-appointed attorney performing a lawyer's traditional function is deemed acting under color of law.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  An attorney represents only her client and not the state.  See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).[4]  Here, the former spouse's aunt subpoenaed Plaintiff's records in her capacity as the former spouse's counsel, not an agent of the State.

6.    Plaintiff's challenges against the police officer who complied with the subpoena also fail to state a cognizable claim.  To the extent Plaintiff's allegations could be construed as asserting an unspecified violation of some hypothetical right barring a police officer's compliance with a valid subpoena, Plaintiff's challenges fail to state a claim upon which relief can be granted.  Accord Morton v. Little Rock, 934 F.2d 180, 184 (8th Cir. 1991) (where a newspaper's counsel subpoenaed a plaintiff's expunged criminal records, the police officers who complied with that subpoena were entitled to qualified immunity because "it clearly would have been 'a violation of law for him to refuse to honor the subpoena'") (quoting Morton v. Little Rock, 728 F. Supp. 543, 547 (E.D. Ark. 1989)); Martinez v. City of Fresno, 2009 U.S. Dist. LEXIS 52886 (E.D. Cal. June 2, 2009) (a state law controlling disclosure of criminal records cannot shield a subpoenaed entity from complying with the request for disclosure if the subpoenaing party showed a

---

[4]  While Plaintiff's allegations that his former spouse's counsel unduly disclosed the subpoenaed material to her client might, potentially, serve as a basis for a state-bar ethics grievance, these allegations offer no constitutional implications.  Since Petitioner's allegations as to such disclosure are presumed true solely for the purposes of this Court's screening of Plaintiff's amended complaint, the Court finds no basis for forwarding Plaintiff's complaint to the Virginia State Bar.

compelling need in the information); <u>Menefee v. City of Country Club Hills</u>, 2008 U.S.

Dist. LEXIS 85988 (N.D. Ill. Oct. 23, 2008) (where a plaintiff alleged a violation of the

Justice System Improvement Act, 42 U.S.C. § 3701 <u>et seq.</u> in order to sue municipal

officers on the basis of their compliance with a subpoena directing disclosure of the

plaintiff's criminal history, the plaintiff's challenges had to be dismissed since the Act

did not create a right of private action).

7.      Since all Plaintiff's challenges appear without merit, they are subject to dismissal.[5]

However, taking notice of Plaintiff's <u>pro se</u> litigant status, the Court will allow Plaintiff

one final opportunity to amend his Complaint.  See <u>Foman v. Davis</u>, 371 U.S. 178, 182

(1962).

IT IS, therefore, on this _____20th_____ day of _____February_____, 2013,

ORDERED that Plaintiff's Amended Complaint, Docket Entry No. 5, is dismissed; and it

is further

ORDERED that Plaintiff's motion seeking appointment of <u>pro bono</u> counsel, Docket

Entry No. 4, is denied as premature; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new

and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute

of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not

thereby subject to the statute of limitations bar, provided the original complaint was timely.  <u>See</u>

---

[5]  Furthermore, since Plaintiff's Amended Complaint (as well as his original pleading)
failed to specify the time frame of the alleged events, Plaintiff's challenges might be time barred.

Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191

(3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is

further

   ORDERED that Plaintiff may have this case reopened if, within 45 days of the date of the

entry of this Memorandum Opinion and Order, Plaintiff files his second amended complaint.

Plaintiff's second amended complaint shall not reassert the challenges found meritless in this

Memorandum Opinion and Order; and it is finally

   ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon

Plaintiff by regular U.S. mail, and upon Defendants by means of electronic delivery.


         /s/Anne E. Thompson   
         **Anne E. Thompson**
         **United States District Judge**